**STATE of Missouri, Respondent,**

v.

**Bruce Edward COLE, Appellant.**

No. 35889.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 2, 1975.

Charles D. Kitchin, Public Defender, John E. Bell, Henry J. Rieke, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, II, Asst. Atty. Gen., Jefferson City, J. Brendan Ryan, Circuit Atty., Daniel J. Murphy, Asst. Circuit Atty., St. Louis, for respondent.

RENDLEN, Judge.

Appellant seeks review of the judgment convicting him of carrying a concealed weapon for which he was sentenced under the Second Offender's Act to five years imprisonment. § 564.610, RSMo.1969, V.A.M.S.; § 556.280, RSMo.1969, V.A.M.S. We reverse and remand.

Two issues are raised on this appeal: First, the court improperly permitted comments and direct evidence of other crimes not charged in the indictment; second, the trial court erred in denying appellant's request for further psychiatric examination at state expense or a hearing to determine appellant's fitness to proceed.

Appellant contends the trial court erroneously permitted introduction of evidence showing that he was stopped by police officers because of his resemblance to the broadcast description of a suspected felon and that appellant was in fact arrested for robbery before discovery of the concealed weapon leading to the charge in the case at bar.

■ The indictment as originally filed charged defendant on two counts—I, robbery first degree, and II, carrying a concealed weapon. Count I was nolle prosequied before trial and only the concealed weapon charge remained. The probable cause for appellant's arrest was tested, prior to selection of the jury, at a hearing of appellant's motion to suppress the gun in question; because of the court's denial of that motion, neither the legality of the arrest nor the seizure was at issue during trial. *State v. Tillman,* 454 S.W.2d 923, 926[5, 6] (Mo.1970). The concealed weapon charge required proof of only two elements: (1) intention to carry a weapon concealed, (2) concealment on the person or in such close proximity to the accused so as to be under his easy and convenient control. *State v. Hall,* 508 S.W.2d 200, 206[6] (Mo.

App.1974). See also *State v. Jordan,* 495 S.W.2d 717 (Mo.App.1973).

Defendant was stopped by police while riding in an automobile near the intersection of North Florissant and Hebert in the City of St. Louis on the morning of November 6, 1972. Officers Price and Bonney had stopped another car at the intersection for a traffic violation and while thus involved, Bonney noticed appellant in a passing vehicle who appeared to fit the description of a felony suspect described in an earlier police broadcast. Stopping appellant's car, Bonney asked him to step out; and as he did so, appellant turned his back to the officer, reached in his right front trouser pocket, removed a revolver and dropped it to the floorboard of the car. Bonney retrieved the gun and placed him under arrest. Appellant offered no evidence and the jury returned a guilty verdict.

Notwithstanding the limited scope of the issues, by direct evidence, opening statement and closing argument, reference was made to appellant being stopped by the police while riding in an automobile because he had a strong resemblance to the broadcast description of a suspect in a *felony* committed earlier that day. Though the precise nature of the other crime was not identified to the jury, in the state's effort to embellish, numerous references were made to the circumstances of appellant's arrest and his involvement in that other "crime." Those instances include the following: [1]

1. In opening statement when referring to the concealed weapon charge against appellant, the prosecutor added this gratuitous remark: "He was arrested on *another charge* and immediately after this particular arrest, tried to get rid of this particular gun." Defense counsel objected on the ground the statement constituted proof or reference to another crime and requested a

1. Emphasis had been added to quoted portions of the transcript set out in the following numbered paragraphs.

mistrial. The objection was overruled and mistrial denied.

2. The prosecutor then stated that Officer Tomlinson would testify he had broadcast a radio description of a suspect and within a half an hour the arresting officers saw the defendant who matched the description they heard on the radio.

3. Immediately thereafter (still in opening statement) the prosecutor referred to anticipated testimony of Officer Bonney and stated: "He will tell you that he retrieved that gun from the floorboard of the automobile, placed this man under *arrest for several charges,* and then subsequently he took that gun." Defense counsel's objection to the prosecutor's reference to "other charges" was overruled.[2]

4. Officer Tomlinson was called and from his testimony it became apparent he had no connection or involvement with the arrest or investigation of the concealed weapon's charge for which appellant was being tried. Tomlinson testified that he had been dispatched to the Greyhound Bus Depot some distance from the scene of arrest shortly after midnight on the 6th of November, made an investigation of a crime which had occurred at that location and by police radio, broadcast a description of the suspect. Recounting that broadcast, he testified: "I said that a subject was wanted for a *felony* in the Fourth Police District, he was a Negroe, approximately between the ages of twenty to twenty-two . . ." Defense counsel interrupted and out of the jury's presence again objected to the reference to other crimes and pointed out that there was now a reference to the other crime as a *felony.* He asked that the entire line of testimony be stricken on the basis that it constituted proof of other crimes and was highly prejudicial. The objection was overruled and the renewed motion for mistrial was denied.

5. The following then occurred: (by Mr. Murphy to Officer Tomlinson) "Q. That description that you placed on the police radio cars was [sic] . . . A. Wanted for a *felony* in the . . ." Defense counsel again objected and suggested hearsay as an additional ground for his objection. The objection was again overruled and the witness completed his answer. "Wanted for a *felony* in the Fourth Police District; was a Negroe, male, twenty to twenty-two red afro hair, wearing a black, leather jacket and gray and white pants with black and red strips and armed with a chrome gun."

6. Next called was Officer Price who testified he heard the police radio broadcast about one a. m. that morning. The question was asked: "Q. What was the nature of that broadcast, Officer? A. *Subject wanted for a felony* in the Fourth District." A substantial part of Price's subsequent testimony related to clothing seized from defendant and was shown to be similar or the same as that described in the police broadcast. The court inquired of the prosecutor whether he was attempting to prove the robbery or the charge of carrying a concealed weapon. The prosecutor replied it was the latter, to which the court responded: "What has the evidence got to do with carrying concealed weapon . . . this clothing?" Mr. Murphy—"This gives these two Officers the *probable cause to arrest* this man . . ." The court then overruled the defense objection and admitted the evidence, apparently for the reason suggested by the prosecutor.

7. Officer Bonney on further direct examination again testified the subject was ". . . wanted for a *felony* in the Fourth District earlier that date." The defense again objected to any reference to proof of another crime not charged and the objection was again overruled.

---

**2.** As previously noted, the charge of robbery had been nolle prosequied by the prosecutor shortly before this remark of "several charges" and we find no justification for making the statement.

8. During closing argument the prosecutor referring to Officer Tomlinson, who had no connection with the apprehension or arrest, made this statement: "What did Tomlinson say? He said he gave you a description, *he gave it in detail about someone being wanted in the Fourth Police District for a crime.* It happened shortly before one o'clock. He told you what time he put that on the A.P.B., the All Points Bulletin, on the police radio. He told you the description that he gave: Negroe male, twenty to twenty-two, five' ten", approximately, black, leather jacket, gray and black stripped pants, with a chrome gun with red afro hair. All right."

▮ 9. The prosecutor then made these remarks relative Officer Bonney's testimony: "He notices this man sitting in a Buick automobile in the same police district twenty-five minutes later and, his broadcast indicated *another felony with this man involved.*" Though no objection appears to these remarks of the prosecutor, the several prior defense objections adequately preserved the issue for appeal. Defendant had seasonably objected to the evidence of this character in each instance when offered. His objections were overruled and he should not be required or expected to repeat the objection when the prosecutor in closing arguments made reference to those matters which the court had admitted in evidence. This is particularly true when, as in this case, the trial judge had earlier heard arguments of counsel on the issue of whether such testimony was admissible and repeatedly made firm rulings admitting such testimony, overruling objections and denying appellant's requests for mistrial. *Schears v. Missouri Pacific Ry. Co.,* 355 S.W.2d 314, 321[6] (Mo. banc 1962). *State ex rel. State Highway Commission v. Offutt,* 488 S.W.2d 656, 661 (Mo.1972).

▮ It is a general rule that proof of the commission of separate crimes is inadmissible unless such proof has some legitimate tendency to directly establish defendant's guilt of the charge for which he is tried. However, evidence of another crime may be competent to prove the crime charged when it tends to establish: (1) motive, (2) intent, (3) absence of mistake or accident, (4) common scheme or plan embracing the commission of two or more crimes so related that proof of one tends to establish the other, or (5) identity of the person charged with the crime on trial. If the evidence is logically pertinent and reasonably tends to prove a material fact in issue, it should not be rejected merely because it incidentally proves defendant guilty of another crime. "But, the dangerous tendency and misleading probative force of this class of evidence require that its admission should be subjected by the courts to rigid scrutiny . . . if the court does not clearly perceive the connection between the extraneous criminal transaction and the crime charged, that is, its logical relevancy, the accused should be given the benefit of the doubt, and the evidence should be rejected." *State v. Reese,* 364 Mo. 1221, 274 S.W.2d 304, 307 (en banc 1954). The state has not justified the presentation of the information here complained of, on the basis of the recognized exceptions to the general rule, *State v. Tillman,* 454 S.W.2d 923, 926 (Mo.1970).

▮ Proof of the commission of separate and distinct crimes is not admissible and may not be referred to by the prosecution unless such facts have some legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial. *State v. Lee,* 486 S.W.2d 412, 414[3] (Mo.1972).

▮ The state in its brief does not contend that the various statements were offered to establish one of the five exceptions set out in *Reese, supra,* nor that they were necessary to prove probable cause for the initial stopping or arrest of appellant. Rather, the state argues that references to other crimes were justifiable under the doctrine of res gestae, and even if erroneous, merely constituted harmless error, relying on *State v. Robb,* 439 S.W.2d 510, 514[7]

(Mo.1969), for the proposition that "when a defendant in the course of the perpetration of one crime commits another, the state is not required to nicely sift and separate the evidence and exclude the testimony, tending to prove the crime for which he is not on trial, when it forms a part of the res gestae of the crime charged." In Robb the appellant was charged with stealing 125 radiators, and in his opening statement the prosecutor stated that a truck belonging to the owner of the radiators was also missing. Although no objection to the statement was timely made, the court noted that the disappearance of the truck and of a large number of radiators, the conveyance of which required some type of vehicle, occurred in the course of the same transaction and formed part of the res gestae of the crime charged. This is clearly distinguishable from the case at bar. Here the nature of the other crime for which the appellant was arrested and which was the subject of the police bulletin was never before the jury. The only reference to the other crime as an armed robbery occurred at the pre-trial hearing out of the jury's presence. In the absence of evidence of the nature of the alleged first crime it would be impossible for the jury to know that the offense charged was committed in the course of the perpetration of another crime since there was no way to know the nature and circumstances of the first crime. This is not a situation where the state would be required to "nicely sift and separate" the evidence of multiple crimes since there was no indication that the alleged offenses were so intertwined as to be inseparable in presentation to the jury. These alleged crimes and the evidence of each were neither intertwined nor connected. Furthermore, the jury was told that the crime referred to in the radio bulletin had occurred earlier on the day of appellant's arrest for the concealed weapon charge. The time lapse between the first purported offense and the crime for which appellant was tried does not comport with the theory of res gestae that the various crimes are part of the same transaction.

State v. Parton, 487 S.W.2d 523 (Mo.1972); State v. Martin, 275 S.W.2d 336 (Mo.1955); State v. Sinovich, 329 Mo. 909, 46 S.W.2d 877 (1931). Res gestae as a theory for admitting evidence of other crimes requires intimate connection between the separate crime and that for which defendant is tried. It is insufficient merely to show proximity of the place of arrest for the offense charged and that of an independent crime. Since no sufficient relation was shown between the other crime and that for which appellant was tried, the state's reliance on res gestae must fail. The state would have us hold that the multiple references to other crimes is harmless error. However, the extreme impropriety of the remarks and evidence concerning other alleged offenses is firmly stated in State v. Lee, supra at 414:

"[E]vidence that accused has committed another crime independent of, and unconnected with, the one on trial is inadmissible; It is not competent to prove one crime by proving another" . . . the statement and testimony were not related to the offense charged, had a dangerous tendency and misleading probative force and constituted reversible error . . . These references to and evidence of other crimes unrelated to the case on trial violated defendant's right to be tried for the offense for which he was indicted . . . " 'The practice of seeking to obtain an advantage in a trial of a case by injecting therein unfair insinuations should have the severest condemnation and suffer the most disastrous result permissible under the law.' "

In this case appellant was subjected not to one but multiple references to another felony. Even if some mention to the circumstances of appellant's arrest had been necessary for a clear presentation of the case, repeated references are impermissible. State v. Walker, 490 S.W.2d 332, 335[2] (Mo.App.1973); State v. Griffin, 336 S.W.2d 364, 367[2] (Mo.1960). Evidence of other charges against appellant were neither relevant nor necessary to prove the

present case against him and a reasonable effect of such evidence was to encourage speculation among the jury as to what other felony had been committed by a defendant who was on trial for carrying a concealed weapon. *State v. Holbert,* 416 S.W.2d 129, 133[8] (Mo.1967). Such insinuations are no less damaging than more direct evidence of independent crimes. The many references to the other crime, the felony, the radio description of the felony suspect, the prosecution argument that the "broadcast indicated another felony with this man involved," and the detailed references to the clothing matching the radioed description were ostensibly offered to establish probable cause for the arrest and seizure of the pistol. The prosecutor so stated during trial; however the issue of probable cause went out of the case when the matter was aired at the pre-trial hearing on appellant's motion to suppress. Evidence concerning the lawfulness of the arrest was irrelevant, since the probandum it tended to prove was not before the jury. See *State v. Tillman, supra* at 926[5, 6].

There being no proper justification for the statements and testimony of another crime that related to the offense charged, and in view of its "dangerous and misleading probative force," *State v. Holbert, supra* at 132[2–6], the cause will be reversed and remanded for new trial. It is unnecessary to rule the other issue raised by appellant.

Reversed and remanded.

WEIER, P. J., and DOWD, J., concur.