STATE of Missouri, Respondent,

v.

Terry CONGER, Appellant.

No. KCD 28075.

Missouri Court of Appeals, Kansas City District.

Aug. 2, 1976.

Motion for Rehearing and/or Transfer Denied Aug. 30, 1976.

Thomas M. Larson, Public Defender, E. L. Messina, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., William F. Arnet, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

Appellant (hereafter defendant), then 19 years of age, was charged under an amended information with Burglary Second Degree and Stealing, under the Second Offender Act; was found guilty by a jury; and, was sentenced to ten (10) years for the offense of burglary and five (5) years for the offense of stealing, said sentences imposed to run concurrently.

His sole point on appeal is that the trial court erred in overruling an objection to portions of the prosecutor's closing argu-

ment to the jury, which he confidently asserts was "grossly and blatantly" prejudicial, in that such argument implied that the state was not required to bear the burden of proving defendant's guilt beyond a reasonable doubt. Only a brief summary of the facts is necessary.

At approximately 2:00 o'clock a. m. on the morning of October 20, 1974, in response to an alarm call, several police officers went to the Robert Hall Clothing Store at 4321 Truman Road, Kansas City, Missouri. Mr. Henderson, assistant manager of the store, testified that on the evening of October 19, 1974, he had locked the front and back doors of the store and a chain link fence around the premises. Upon receiving advice of the alarm, he proceeded to the scene.

Officer Angelo and another officer were inspecting the exterior of the store when they were advised by a police helicopter that there was a hole in the roof of the building. Going to the roof, Angelo's police partner found the hole and apprehended a juvenile girl, Yolanda Conger, sister of the defendant. Thereafter, Officer Angelo apprehended the defendant and four other youths, who came from a storage room, inside and in the back of the store, and surrendered. They found various items of clothing valued at approximately $200.00 piled inside the store near a rear door. Additional clothing was retrieved by the police from the roof.

Yolanda Conger testified for the defense. In substance, she stated that the defendant, her brother, did not participate in the planning of the burglary or when it was actually committed, but was at the store to induce her and a younger brother of the defendant to stop their participation in the venture and leave the scene.

Reduced to essentials, the defendant urges a reversal of these convictions upon the basis that a short passage in the prosecutor's closing argument to the jury improperly advised the jury that the burden was not on the state to show defendant's guilt beyond a reasonable doubt. Review of this assignment of error requires the application of certain well-defined principles and guidelines.

The trial court enjoys wide discretion in determining the latitude or permissible scope of counsel's arguments to the jury, and unless a clear abuse of such discretion appears, to the prejudice of the accused, the case will not be reversed on appeal. *State v. Tiedt*, 360 Mo. 594, 229 S.W.2d 582, 588[11] (banc 1950); *State v. Hutchinson*, 458 S.W.2d 553, 556[4] (Mo. banc 1970); *State v. Spears*, 505 S.W.2d 92, 94[2] (Mo.1974). In applying this standard, it is incumbent upon the appellate court not to consider only the isolated words of the argument claimed to be reversibly erroneous, but rather, to consider such argument in the context of the court's instructions to the jury, the defense argument as a whole, and the argument of the prosecutor. *State v. Bailey*, 526 S.W.2d 40, 42[2] (Mo.App. 1975).

When so viewed, the argument of the prosecutor here did not accomplish the prejudicial results claimed by defendant.

The chronology of the pertinent facts within the scope of the above principles is as follows:

The court gave Instruction No. 3 on burden of proof and presumption of innocence, in which the jury was clearly and properly told that the defendant was presumed to be innocent, which presumption "places upon the state the burden of proving beyond a reasonable doubt that the defendant is guilty." In Instruction No. 9, the court advised the jury as to the function of closing arguments, but strongly admonished the jury they were to be governed by the evidence "and the law as given in these instructions."

In the state's opening argument to the jury, reference was clearly made to the instructions, that such instructions would be available for study during jury deliberations and that they reflected the law of the case.

Counsel for the defense in his argument to the jury forcibly and consistent with his

able conduct of the defense, again admonished the jury that it was the continuing burden of the state to prove the defendant's guilt beyond a reasonable doubt, and that such burden is:

"* * * never on the defendant, and never shifts to the defendant at all during the entire proceedings. In a criminal case the defendant, in this case, Terry Conger, doesn't have to prove anything. He doesn't have to demonstrate his innocence. The state has to demonstrate his guilt."

Defense counsel proceeded in his argument, in the best traditions of the bar, to argue to the jury the areas of the evidence where a reasonable doubt existed. As his peroration, he stated:

"I submit to you, ladies and gentlemen, that there is reasonable doubt in this case. The State hasn't carried its burden of proving Terry Conger guilty beyond a reasonable doubt. What they have done is they have established some suspicious circumstances here. They placed Terry Conger in a suspicious situation, but he isn't charged with being involved in suspicious circumstances. Indeed, he can't be. That's not a crime at all. He is charged with the substantive offense of second degree burglary and stealing, and I submit to you that there is, indeed there is reasonable doubt that he did, in fact, participate in an effort to achieve those two offenses.

  *     *     *     *     *     *

As I said, I don't believe, I don't think the State has carried its burden in this case, and as we discussed earlier, when the State doesn't carry the burden of proving a defendant guilty beyond a reasonable doubt, you, as jurors, have to acquit, that is, find not guilty the defendant. That's the situation we're in today with Terry Conger. There hasn't been sufficient evidence presented here to establish that he did, in fact, participate in this offense. * * * "

As has been heretofore noted, this argument was a proper and, indeed, valiant effort on the part of defense counsel to cast a doubt in the minds of the jury as to whether or not the state had met its recognized burden of proving defendant guilty of the crimes charged against him beyond a reasonable doubt.

However, the state, through the prosecuting attorney, could not be any rule of law or trial tactic be expected to remain mute and permit such argument to go unanswered. The prosecutor's duty compelled a permissible reply. He stated (and this argument by the prosecutor forms the sole basis for defendant's claim of reversible error):

"You know, *they use this reasonable doubt and every word of it is true. The State has to prove beyond a reasonable doubt the guilt of the defendant* and the defendants use that to muddy the waters in every—

MR. BLOEMKER: Well, now, wait a minute. I object to that. *There has been absolutely no evidence* in this trial as to what defendants do with reasonable doubt.

THE COURT: Your objection is overruled. Go ahead.

MR. HOGSETT (prosecutor): They use that to muddy the waters and try to convince a jury or somebody on that jury that there is reasonable doubt." (Emphasis supplied)

To say the least, this argument and objection are obscure. It can reasonably be said, however, that the prosecutor's argument was a fair response to defense counsel's argument that there was reasonable doubt as to the defendant's guilt based upon "suspicious circumstances" and presumably the testimony of Yolanda Conger. Further, the prosecutor in this short exchange twice acknowledged the state's burden of proof in clear and precise language. In the light of these statements of the prosecutor, the court's instructions, and, indeed, the argument of defense counsel, the jury could not possibly have been misled as to the law on burden of proof. *State v. Rodgers*, 525 S.W.2d 447, 449[3, 4] (Mo.App.1975). The trial court did not abuse its discretion in overruling the defense objection.

The cases cited by defendant in support of his position have been carefully reviewed and are found not to be authoritative here.

The judgment is affirmed.

All concur.