STATE of Missouri,
Plaintiff-Respondent,

v.

Johnny W. NYLON,
Defendant-Appellant.

No. 38642.

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 7, 1978.

Bruntrager & Bruntrager, P. C., Raymond A. Bruntrager, Jr., Robert J. Thomas, Jr., St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Pros. Atty., George R. Westfall, Evelyn M. Baker, Asst. Pros. Attys., Clayton, for plaintiff-respondent.

DOWD, Presiding Judge.

Defendant appeals his conviction in a jury trial for robbery in the first degree by means of a dangerous and deadly weapon. Sections 560.120 and 560.135, RSMo 1969 V.A.M.S. The trial court sentenced him to life imprisonment under the Second Offender Act. § 556.280 RSMo 1969. We affirm.

Based on the evidence presented at trial, a jury could reasonably find that on January 31, 1976 Mr. Donald Fudge drove his wife and baby to a fast food restaurant. A man parked next to them and engaged in friendly conversation with Mrs. Fudge while her husband purchased food. The man then requested their assistance in starting his auto. After Mr. Fudge helped him get his auto started by using booster cables the man asked the Fudges to follow him a short distance. Several blocks later he pulled to the side of the road. Mr. Fudge passed him, and the man then followed them to the parking lot near their residence.

The Fudges parked the auto in the parking garage and returned through the lot on the way to their residence. The man once again followed them, and when Mrs. Fudge attempted to run away with the baby, the man put a pistol to Mr. Fudge's head to force her to return. The man entered the building with the couple and struck Mr. Fudge on the head with a pistol as Fudge attempted to hit the fire alarm. Once inside the residence the man took money from Mr. Fudge's wallet, and tied up both Mr. Fudge and a relative who lived with the couple. Mrs. Fudge stated during the trial that the man also tied up two children in a bedroom.

Police located the automobile driven by the man that same night at a gas station. Police went to a house where they believed defendant was located. As a police officer stepped into a bedroom, the defendant reached for a gun which was later admitted into evidence. The day following the arrest police conducted a lineup where both Mr. and Mrs. Fudge identified defendant as the robber. The police officer also investigated another person who looked similar to the robber, but found he had an alibi.

The state charged defendant under the names of Johnny Nylon a/k/a L. W. Brown. It introduced two exhibits which included certified copies of six prior convictions against L. W. Brown. The record also contained fingerprints and a photograph. The trial court concluded Johnny Nylon and L. W. Brown are the same person and sentenced him under the Second Offender Act. § 556.280 RSMo 1969.

■ Defendant raises seven issues in his appeal. First, he alleges the trial court erred in admitting into evidence the gun recovered at the time of his arrest. He claims no evidence was presented to show it was the weapon used during the robbery since the victims could only testify that the gun was similar to the weapon used during the robbery. A gun which was in the possession of defendant at the time of his arrest and was shown to be similar to the one used in the crime is admissible as evidence. *State v. Cuckovich*, 485 S.W.2d 16, 23 (Mo. banc 1972). The gun was properly admitted.

Defendant also contends that the trial court erred in permitting Mrs. Fudge to testify that her children were tied up. He argues that because the money was taken from Fudge before the robber went to the children's bedroom, such testimony is irrelevant to proving the crime of robbery.

■ The general rule is that proof of commission of other crimes is not admissible unless it tends to establish the charge for which defendant is being tried. *State v. Holbert*, 416 S.W.2d 129, 132 (Mo.1967); *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304, 307 (Mo. banc 1954). However, there are many exceptions to this general rule. One exception is where the different crimes are so linked together that proof of one also involves proving the other. In such a situation evidence of the act constitutes a part of the res gestae and is admissible. *State v. Garrison*, 342 Mo. 453, 116 S.W.2d 23 (1938). To be a part of the res gestae the act must be substantially contemporaneous with the commission of the crime. It must occur in the same transaction as the crime, *State v. Robb*, 439 S.W.2d 510, 514 (Mo.1969), or the circumstances must indicate it is part of one continuous transaction in the accomplishment of a common design. *State v. Jackson*, 519 S.W.2d 551, 558 (Mo.App.1975).

■ In this case, the tying of the children was contemporaneous with the robbery

since it occurred on the same occasion as the robbery. The act was part of a single continuous transaction taking place in the Fudge residence at the time of the robbery. For this reason, defendant's second point is without merit.

Defendant also raises the point that there was insufficient evidence from which the trial court could conclude that Johnny Nylon and L. W. Brown were the same person for purposes of sentencing under the Second Offender Act.

■ Defendant is correct in that the person named in the prior conviction and defendant must be shown to be the same person. *State v. Harris*, 547 S.W.2d 473, 476 (Mo.1977). The state however, did show in this case, that Johnny Nylon and L. W. Brown are one and the same person. A photograph was included with the prior conviction, and while this court cannot compare the picture with defendant, "it may be reasonably and safely assumed that the trial judge compared the two." *State v. Collins*, 394 S.W.2d 368, 371 (Mo.1965).

■ Thus, sufficient evidence was presented for the trial court to conclude Johnny Nylon and L. W. Brown were the same person. In addition, it is noted that the state's information charged defendant under both names. Defendant's contention is without merit.

The fourth point raised by defendant is that the jury should have had an opportunity to consider all lesser concluded offenses of the crime charged. Thus, it is contended the trial court erred in not submitting defendant's instruction on stealing to the jury, since it includes all the elements of robbery except fear.

■ Where there is substantial evidence that the taking of money occurred without violence or putting the victim in fear, the court should submit instructions to the jury allowing them to find defendant guilty of stealing. *State v. Parker*, 324 S.W.2d 717, 722 (Mo.1959). However, fear is presumed where a deadly weapon is used to obtain money. *State v. Keeney*, 425 S.W.2d 85, 89 (Mo.1968); *State v. Ray*, 354

S.W.2d 840, 843 (Mo.1962). Where the state provides evidence of all the elements of robbery, including fear, and defendant presents evidence showing only that he committed no crime, no instruction on stealing is required. The defendant used a gun during the robbery and struck Mr. Fudge on the head, stunning him and causing profuse bleeding. The evidence indicates only that the crime committed is either robbery in the first degree or nothing. *State v. Sawyer*, 365 S.W.2d 487, 492 (Mo.1963). No instruction on stealing was required.

Defendant next contends that the court erred in permitting a police officer to testify that another possible suspect (Charles Maxey) had an alibi. He contends such testimony was prejudicial hearsay since the officer did not have personal knowledge of the suspect's whereabouts at the time of the robbery.

■ We do not reach the merits of this contention since no timely objection was made to the testimony at trial. Rule 84.13; *State v. McNeal*, 539 S.W.2d 722, 725 (Mo.App.1976); *State v. Johnson*, 536 S.W.2d 851, 854 (Mo.App.1976). In addition, it cannot be said that the testimony resulted in a manifest injustice to defendant, especially given the fact defendant's guilt was strongly established by other evidence. *State v. Hurtt*, 509 S.W.2d 14, 15 (Mo.1974). Admitting such testimony was not plain error. Rule 27.20(c). This contention is therefore dismissed.

Defendant's next point is that the trial court should not have permitted the prosecuting attorney to argue that defendant never brought in any evidence that the lineup was unfair and that the other suspect (Charles Maxey) told the police where he was the night of the robbery. Defendant reasons that such an argument constituted a direct reference to defendant's failure to testify.

■ These comments by the prosecutor were made at different times in the argument. We shall first consider the comment of the prosecutor that the defendant never brought in any evidence that the lineup was

unfair. Defendant's attorney objected on the stated ground "there was no burden of proof whatsoever for any matter at all on the defendant." The trial judge promptly sustained the objection and ordered the jury to disregard the comment but refused to declare a mistrial. We find no error in the refusal to declare a mistrial.

A point raised on appeal must be based upon the theory of the objection as it was made at trial. *State v. Lang*, 515 S.W.2d 507, 511 (Mo.1974). The theory of the objection was that it was a reference to the burden of proof. The comment of the prosecutor was not objected to on the ground that it was a reference to the defendant's failure to testify and was therefore not properly preserved because it differs from the point raised on appeal. *State v. Lang*, supra, 511.

Even assuming that the prosecutor's comment was properly objected to it was not a direct and certain reference to the defendant's failure to testify. *State v. Maxwell*, 376 S.W.2d 170, 174 (Mo.1964); *State v. Rothaus*, 530 S.W.2d 235, 237 (Mo. banc 1975).

Nor do we believe that the prosecutor's comment that "he (Charles Maxey) told the police where he was that night" constituted a direct and certain reference to defendant's failure to testify. It in no way refers to the failure of defendant to testify. The point is without merit.

In his last point defendant contends that the trial court erred in failing to sustain his motion to suppress identification because he did not have assistance of counsel at a pre-indictment lineup. The right to counsel granted in *United States v. Wade*, 388 U.S. 218, 237, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967) extends only to a post-indictment lineup. *Kirby v. Illinois*, 406 U.S. 682, 690, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); *Hampton v. State*, 495 S.W.2d 638, 642 (Mo. 1973); *State v. Richardson*, 495 S.W.2d 435, 438 (Mo.1973); *State v. Chavez*, 483 S.W.2d 68, 69 (Mo.1972). The point is without merit.

We have reviewed the entire record in this case, read the briefs and authorities relied upon by the parties, and conclude there was no error, hence affirm the judgment of conviction.

The judgment is affirmed.

STOCKARD and SNYDER, JJ., concur.