**STATE of Missouri, Respondent,**

v.

**Milton D. HUSTON, Appellant.**

**No. 40240.**

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1980.

---

Paul C. Hetterman, Coburn, Croft, Shepherd, Herzog & Putzell, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Mary C. P. Pincus, Asst. Attys. Gen., Jefferson City, Ronald L. Boggs, Pros. Atty., William N. Seibel, Jr., Asst. Pros. Atty., St. Charles, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of arson of private property in violation of § 560.025 RSMo. 1969. The jury assessed his punishment at three years in the Department of Corrections and the court entered judgment accordingly. Defendant appeals.

The state's evidence would support the following factual framework. The fire occurred on September 21, 1975, between 4:00 and 5:00 a. m. The defendant was home alone at the time the fire started. His neighbor, Mr. Walkingstick, heard an explosion and went out to investigate. He went to the Huston home to learn if anyone was inside the house. While standing outside the burning house, Walkingstick noticed a white station wagon backing out of the driveway with its lights off. The defendant admitted that this was his automobile.

Mr. Robert Morrison, a state fire marshall, conducted an investigation to determine the cause of the fire. After checking the wiring and appliances within the house, he ruled out possible accidental causes of the fire. He also ruled out natural causes of the fire such as lightning. He discovered a glossy burn pattern along one wall of the living room which he believed was the starting point of the fire. Morrison testified that a class one flammable liquid had been distributed on the floor. He stated that gasoline was a class one flammable liquid.

On appeal, defendant raises only one point for our consideration. He contends that the "trial court erred in allowing the prosecutor to argue in his closing statement, that one of the purposes of section 560.025 RSMo. 1969 was to protect neighboring home owners and society in general, for the reason that such argument was irrelevant, immaterial and beyond the scope of the information and the evidence . . ." The following allegedly improper statement was made during the opening phase of the state's closing argument:

> We don't have the statute just to protect insurance companies. That isn't all this law is solely about. When you burn your house down, there is the house next door maybe—
> Mr. Nangle: I object to this violently. This is absolutely a misstatement of what this case is all about.
> The Court: Overruled. This is closing argument.
> Mr. Seibel: When a person burns his house down even if it is with intent to defraud an insurance company, he runs the risk of burning another house down and he puts society in general to a risk. That is another reason we have this statute.

A prosecutor is permitted wide latitude in arguing his case to the jury. *State v. Hodges*, 586 S.W.2d 420, 427 (Mo. App.1979). However, a prosecutor may not argue matters outside the scope of the pleadings and the evidence. *State v. Katz Drug Co.*, 362 S.W.2d 80, 83 (Mo.App.1962). Here, defendant was charged with burning his residence with the intent to defraud his

insurance company. He was not charged with burning property with the intent to injure or destroy any other property, a separate offense under § 560.025. Accordingly, the prosecutor's argument on the possibility of other property being burned had no relevance to any issue in the case and, as such, was error.

■ We are not convinced, however, that the prosecutor's improper remark was prejudicial to the defendant. As this court has noted on other occasions, a reversal is not required in every instance where a prosecutor exceeds the limits of proper argument. *State v. Knapp*, 534 S.W.2d 465, 467 (Mo. App.1975). We believe the error here was harmless and not grounds for reversal. *State v. DeGraffenreid*, 477 S.W.2d 57, 64 (Mo. banc 1972).

Judgment of the trial court is affirmed.

DOWD, P. J., and CRIST, J., concur.