STATE of Missouri, Respondent,

v.

Thomas DARNELL, Appellant.

No. 44143.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Robert Wolfrum, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

This is an action in which defendant Thomas Darnell appeals from a judgment convicting him of second-degree murder in violation of § 559.020 RSMo. 1969. A jury sitting for the circuit court of St. Charles County found the appellant guilty and he was sentenced to 10 years imprisonment.

Appellant raises three points of error. First, he charges the trial court erred in failing to grant his motion to consolidate offenses, or his motion in limine to prevent evidence of other crimes from being introduced at trial. Second, he claims that by preventing his attorney from reading the charges made in the information to the jury during closing arguments, he was denied a fair trial. Third, in a pro se brief, the appellant asserts he was denied effective assistance of counsel when the court limited defense counsel's closing argument. All three points are denied and the judgment affirmed.

On the evening of August 8, 1980, the appellant, his brother, Alan, and the appellant's girlfriend, Carolyn Jones, stopped at a tavern on Main Street in Frankford, Missouri, to purchase some beer. Randy Bailey and Kelly Fletcher were parked across the

street in a pick-up truck. Fletcher and Bailey summoned the Darnells over to the truck and began arguing with them.

In the midst of their discussion, the victim, Jack Bailey (uncle of Randy) walked over to the men and began talking to them.

A fight broke out. Appellant went to his car and got out a .22 rifle. He fired it into the air several times and the fighting stopped. Fletcher grabbed the gun and broke the gun stock off. Appellant and his brother then returned to their car.

Fletcher and Randy Bailey testified at trial that they also returned to their vehicle. Fletcher and Bailey then backed their truck down the street. When they returned several minutes later, Jack Bailey was lying in the street with blood on his face. Appellant and his brother were nearby, attempting to get their car started.

The victim's daughter, Laura, 15, testified that after Fletcher and Randy Bailey left, the appellant walked up to her father and hit him over the head three times with the rifle. She claimed her father fell to the ground and the appellant walked away.

Jack Bailey was taken to a Quincy, Illinois hospital, where neurosurgery was performed. He remained in a coma until his death on September 6, 1980. Cause of death was determined to be a blood clot caused by a skull fracture, the result of a blow to the head.

Appellant was charged with assault against the victim (later amended to second-degree murder) and his brother, Joseph Bailey, and with exhibiting a deadly weapon in a rude, angry and threatening manner.

The day before the trial on the second-degree murder charge, the appellant filed a motion to join the offenses in one trial. It was denied on the grounds that it was not timely made. The appellant also filed a motion in limine to prevent the state from introducing evidence of the other crimes, assault and exhibiting a deadly weapon. That motion too was denied. During the trial, continued objections were made to the introduction of evidence which would support other charges.

During summation, appellant's attorney attempted to read to the jury the charge of second-degree murder made in the information. The prosecutor objected on the grounds that the terms used did not constitute the elements of the crime. The objection was sustained.

Appellant charges the trial court erred in denying his motion to join the offenses. The point is denied.

■ When a defendant is charged with more than one offense on the same indictment or information, the offenses may be tried jointly or separately in the discretion of the trial court. Rule 24.07. Broad joinder is encouraged in the interest of the more efficient administration of criminal justice. *State v. Decker,* 591 S.W.2d 7, 9[1–3] (Mo.App.1979).

■ The trial court found that appellant's motion to join was not timely and would not allow the prosecutor the necessary time to prepare for trying the other offenses. The motion was made the day before the trial. The ruling was within the trial court's discretion.

■ Appellant argues that if the offenses were not joined for trial, it was error to allow evidence of the other crimes to be introduced in the trial of the second-degree murder charge. This related point is also denied.

"The well-established general rule is that proof of the commission of separate and distinct crimes is not admissible, unless such proof has some direct legitimate tendency to directly establish the defendant's guilt of the charge for which he is on trial .... Evidence of other crimes, when not properly related to the cause on trial, violates defendant's right to be tried for the offense for which he is [charged]." *State v. Holbert,* 416 S.W.2d 129, 132[2–6] (Mo.1967),

citing *State v. Shilkett*, 356 Mo. 1081, 204 S.W.2d 920, 922–23.

■ But evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive; (2) intent; (3) the absence of mistake or accident; (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; (5) the identity of the person charged with the commission of the crime on trial. *State v. Holbert*, *supra* at 132; *State v. Cole*, 527 S.W.2d 646, 650[3–5] (Mo.App.1975).

"The acid test is its logical relevancy to the particular excepted purpose or purposes for which it is sought to be introduced. If it is logically pertinent in that it reasonably tends to prove a material fact in issue, *it is not to be rejected merely because it incidentally proves the defendant guilty of another crime.* But the dangerous tendency and misleading probative force of this class of evidence requires that its admission should be subjected by the courts to rigid scrutiny." Id. (Emphasis added).

In the instant case, evidence of the other offenses committed leading up to the assault and resulting death of Bailey is necessary to a complete account of the circumstances surrounding the crime.[1] Those events also tend to establish motive, intent and the absence of mistake or accident. Therefore, evidence of all offenses leading up to the killing were admissible.

Finally, appellant contends that the court erred in sustaining the state's objection to defense counsel's attempt to read the charge, as alleged in the information, to the jury during closing argument.[2] He alleges that the court's action prejudiced his right to a fair trial because the jury did not have the necessary information to weigh the proof of all the elements of the charged offense.

At issue is the following exchange:

Ms. Sklar: Thank you for listening here for two days and listening to this testimony in a case like this. Now, as the judge tells you, is my only opportunity to argue the case and he gets to come back fifteen more minutes and answer the arguments I make. Thomas Darnell is charged with murder in the second-degree. He is accused of intentionally, premeditatedly, with malice aforethought, unlawfully killing Jack Bailey on . . .

Mr. McIlroy: I object as not being the elements of the crime.

1. See 22A C.J.S. *Criminal Law* § 683: "Evidence of another offense is also relevant and admissible where the two crimes are logically related or connected, so that proof of the other tends, or is necessary, to prove the one charged, *or is necessary to a complete account there*, as where they are so inseparable as to constitute but one transaction or crime, or where the extraneous crime forms part of a chain of circumstantial evidence of guilt of the crime charged." (Emphasis added). In *State v. Williams*, 603 S.W.2d 562, 568[8–10] (Mo. 1980), the Missouri Supreme Court ruled: "A continuous transaction involving several legally distinguishable offenses . . . permits the state in a separate trial for any one of the offenses to present evidence as to all of the offenses involved."

2. The information read as follows:
[C]harges that said defendant Thomas Darnell did on the 8th day of August, 1980, at in said County of Pike and State of Missouri, in violation of Section 559.020 of the Revised Statutes of Missouri, commit the hereinafter described offense of murder in the second-degree, the penalty for which is set out in Section 565.-008.2 of the Revised Statutes of Missouri to-wit: that upon said date and at said place he with specific criminal intent, fraudulently, burglariously, knowingly, maliciously, unlawfully, wrongfully, willfully, on purpose, deliberately, premeditatedly, feloniously and with malice aforethought, in violation of Section 559.020 RSMo. 1969, committed the class "A" felony of murder in the second-degree, punishable upon conviction under Section 565.008.2 RSMo., *in that the defendant intentionally, premeditatedly, with malice aforethought and* unlawfully killed Jack Bailey by striking him on or about the 8th day of August, 1980, in the County of Pike, State of Missouri, *thereby causing him to die* on September 6th, 1980 in the County of Adams, State of Illinois, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Missouri. (Emphasis added).

The Court: Sustained.

■ The trial court has broad discretion in determining the propriety of oral argument and appellate courts will not interfere absent clear abuse of that discretion and prejudice to the appellant. *State v. Treadway,* 558 S.W.2d 646, 650[7] (Mo. banc 1977). Counsel is given wide latitude in arguing a case to the jury, but counsel may not argue matters outside the scope of pleadings and the evidence. *State v. Huston,* 599 S.W.2d 69, 70[1–2] (Mo.App.1980).

■ The charge in the information which counsel attempted to read was within the scope of the pleadings and evidence. *State v. Huston, supra.* The objection should have been overruled.

■ Although error did occur, to be one which requires reversal, this court must find it was a clear abuse of the lower court's discretion and was prejudicial to the defendant. *State v. Treadway, supra.* To make such a determination, this court must consider the words of defense counsel's attempted argument in the context of court's instructions to the jury and the arguments as a whole. *State v. Heinz,* 607 S.W.2d 873, 878[10, 11] (Mo.App.1980), citing *State v. Conger,* 540 S.W.2d 169, 170 (Mo.App.1976). Although this court was not supplied with transcripts of the prosecuting attorney's arguments, it is still clear that the lower court's action was not prejudicial to the defendant.[3]

■ The instructions submitted to the jury set forth, in "layman's language", the elements necessary to proof of second-degree murder. The transcript reveals that,

despite the objection at issue, defense counsel was provided with an adequate opportunity to attack the evidence. Failure to allow defense counsel to argue the elements of second-degree murder was not prejudicial error because the instructions and oral argument served to direct the deliberations of the jury to the proper issues.[4]

■ Appellant, in a pro se brief, argues that the failure of the court to overrule the state's objection to the reading of the information denied him effective assistance of counsel and was plain error. His point is denied.

The judgment is affirmed.

CRIST and CRANDALL, JJ., concur.

---

3. "Where *no* record of the proceedings complained of is furnished there is nothing for the appellate court to decide." *Jackson v. State,* 514 S.W.2d 532, 534[1–3] (Mo.1974) (Emphasis added). Because appellant did provide all other portions of the transcript and the pertinent instructions given to the jury, this court is able to make an intelligent analysis of potential prejudice and possible abuse of discretion.

4. It is also important to note that although the state's objection was sustained, the argument was not stricken and defense counsel clearly got the elements of second-degree murder before the jury. Because counsel was successful in this, she did manage to direct the attention of the jury to the charge made in the information, and thus, the elements of the crime. See *State v. Treadway,* 558 S.W.2d 646, 650[7] (Mo. banc 1977).