STATE of Missouri, Respondent,

v.

Virgil J. WINSTON, Appellant.

No. WD 33735.

Missouri Court of Appeals,
Western District.

Aug. 30, 1983.

Sean D. O'Brien, Asst. Public Defender, Kansas City, for appellant.

William K. Haas, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and PRITCHARD and LOWENSTEIN, JJ.

CLARK, Presiding Judge.

Virgil J. Winston appeals from a conviction for robbery in the first degree and a sentence imposed upon a finding by the court that Winston was a dangerous offender. Affirmed.

In the early evening of June 18, 1981, the victim, Loren Stewart, was at a neighborhood store where a number of other persons, including Winston, had gathered. A discussion ensued between Stewart and Winston as to the purchase of a gun and the two left in Stewart's automobile to pursue the subject further in a more private location. According to Stewart, when he stopped the car on a side street at Winston's direction, Winston drew a gun and demanded and received certain valuables from Stewart including more than $100 in cash. Winston then left the car on foot.

Winston's evidence, apparently rejected by the jury, was that he and Stewart, together with others, had been engaged in a dice game near the front of the store and Stewart had suffered losses in the game. According to Winston, it was Stewart who offered to sell him the gun and the trip to the side street was at the suggestion of Stewart. Winston denied robbing Stewart claiming he left Winston's car when he examined the gun and found it not to be worth buying.

The evidence which forms the basis for the single point advanced by Winston on this appeal concerns events after Winston left the Stewart vehicle. Winston argues that if the prosecution evidence of the crime be accepted as true, evidence of later conduct by Winston following completion of the robbery, and particularly evidence of other criminal acts by Winston should have been excluded under the doctrine of *State v. Lee,* 486 S.W.2d 412 (Mo.1972) and similar cases.

The evidence admitted over objection by the defense was to the following effect. Stewart testified that after Winston had taken the property at gunpoint, Stewart retrieved a gun he had concealed under the front seat of the car and fired at Winston as he walked up the street counting the money. Winston responded by firing his gun at Stewart inflicting wounds to Stewart's cheek and hip. Stewart then returned to the neighborhood store where the police and an ambulance were summoned. The following day, Stewart identified Winston as his assailant when the police exhibited a photographic array to Stewart at the hospital.

The argument Winston makes assumes the contested evidence was admitted under the concept of res gestae. He then asserts that the res gestae exception to the rule excluding proof of other crimes is not applicable here because Stewart sought out his weapon and commenced firing only after deliberation and reflection. Under these circumstances, he says there was no continuous transaction, no intertwining of events and no inherent reliability associated with the exciting influence of the crime. Cited are *State v. Hook,* 432 S.W.2d 349 (Mo.1968) and particularly relied on is *State v. Cole,* 527 S.W.2d 646 (Mo.App.1975).

The record in this case gives no indication of why the contested evidence was admitted. Defense counsel suggested in a pretrial conference that reference to the shooting would be "double jeopardy" because Winston had earlier been tried and acquitted on a charge of assaulting Stewart. At trial, the objection was made on the ground the testimony was irrelevant and self serving. The trial court expressed no reason for overruling the objection.

■ In general, evidence of other crimes unrelated to that for which the defendant is standing trial is not admissible because the accused has a right to be tried only for the offense charged. *State v. Smith,* 631 S.W.2d 353, 357 (Mo.App.1982). That rule, however, is not without exceptions. Evidence of other crimes may be admitted when the proof legitimately tends to establish defendant's guilt of the crime charged, *State v. Shaw,* 636 S.W.2d 667, 672 (Mo. banc 1982), cert. denied —— U.S. ——, 103 S.Ct. 239, 74 L.Ed.2d 188 (1982) and where the different crimes are so linked together that proof of one also involves proving the other. *State v. Nylon,* 563 S.W.2d 540, 542 (Mo.App.1978).

■ In the present case, Winston claimed he left Stewart's car after refusing to buy the gun offered for sale by Stewart and after some exchange of words about the

dice game. He acknowledged that he was armed. The conduct of Winston in exchanging gunshots with Stewart after Winston had left the vehicle and the wounds suffered by Stewart tended to confirm Stewart's account of the robbery and to cast doubt on Winston's version of the events. The evidence had a legitimate tendency to establish Winston's connection with the offense charged and was admissible on this account. *State v. Manning,* 634 S.W.2d 504 (Mo.App.1982).

The evidence as to shots fired at Stewart after the robbery was also admissible under the doctrine of res gestae. Acts or events are a part of the res gestae if they occur in the same transaction as the crime, are substantially contemporaneous with the commission of the crime and are part of one continuous transaction in the accomplishment of a common design. *State v. Nylon, supra.* Here, the escape of Winston with the fruits of the robbery was a continuing detail of the event as was his response with gunfire when Stewart attempted to prevent Winston from fleeing. The escape was inextricably bound up in the crime and the act was part of a single continuous transaction. *State v. Nylon, supra.*

The contention by Winston that evidence of the shooting was not admissible because temporal separation of the events dissipated the exciting influence of the crime confuses two aspects of res gestae. The rule which Winston asserts and which controls in the cited case of *State v. Hook, supra,* is applicable to admission of out of court statements by participants, victims or spectators to a crime and, as an aspect of hearsay, gives credence to spontaneous exclamations. The testimony at issue here involves no attempt to introduce hearsay and, thus, reliability is not a factor. The controlling element is whether the events were common to a single transaction.

The case of *State v. Cole, supra,* cited by Winston, announces no different proposition and, in fact, reaffirms the admissibility of evidence of other crimes if there is an intimate connection between the separate crime and that for which the defendant is tried. In *Cole,* repeated references were made to the fact that Cole resembled and was sought as a suspect in a felony committed earlier in the day. The court observed that suggestion of defendant's implication in an otherwise unidentified crime was not sufficiently connected to the charge of carrying a concealed weapon for which he was tried. *Cole* is distinguishable on the facts.

There was here a single transaction of robbery and the court committed no error in receiving evidence as to the exchange of gunfire while Winston was leaving the scene of the crime.

The judgment is affirmed.

All concur.