**STATE of Missouri, Respondent,**

v.

**Sherman STRICKLAND, Appellant.**

**No. 36093.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

Dec. 2, 1975.

William J. Shaw, Public Defender, Alan G. Kimbrell, David Adams, Asst. Public Defenders, Clayton, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City Courtney Goodman, Jr., Pros. Atty., Gene Fahrenkrog, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant guilty of second degree burglary and stealing. The court sentenced defendant consecutively to eight years for burglary and four years for stealing. He appeals.

During trial the State introduced evidence of scratches and prymarks found on the Lee residence next door to the victim's. Defendant contends this evidence was proof of another crime, attempted burglary, and was prejudicial. We agree.

The townhouse apartment of James Murray was burglarized on November 14, 1973. Hattie May, a next door neighbor, heard banging sounds and from her window saw defendant walking away from the Murray residence carrying clothing and a small suitcase. As she watched, defendant handed the items to another man, telling him to "bring the car down." Mrs. May then called the police.

Police found defendant in an alley behind the apartments and found Murray's personal property in a parked car. They detained him for questioning; Mrs. May identified him at the scene.

The challenged evidence: Later, on the day the Murray house was burglarized, John Lee who lived next door came home to find a groove on his door and other signs it had been jimmied. John Lee also found a tire iron near the alley behind the buildings. Again the police were summoned and placed the tool found by Lee into the marks on Lee's door; the fit was snug. Lee said the marks on his door were "similar" to those on Murray's door.

Defendant was not linked by fingerprints to the tire tool, nor was it ever seen in his possession. The tire tool is linked to defendant only by "similar" marks on the victim's door. The record does not show that the tool was placed into the grooves on Murray's door to determine the fit. Nor is there any indication that the grooves in the victim's door were made with the same tool or type of tool as those on Lee's door—or that defendant made the marks on either door. Counsel for the State concedes this tire tool was never connected with the defendant.

 Evidence of separate and distinct crimes from that charged to a defendant are generally inadmissible. *State v. Reese*, 274 S.W.2d 304, 307[1] (Mo.1955). Of the several exceptions to this general rule, the State relies on two. The prymarks are said to be indicative of defendant's intent and are part of the res gestae of the offense. Since the evidence failed to tie the tire tool to the defendant neither exception applies.

Our case is akin to *State v. Hancock*, 451 S.W.2d 6[2] (Mo.1970), where stolen items were found in the trunk of the car in which defendant was riding. Some of these items were not taken in the burglary for which the defendant was on trial; they were identified as items taken in earlier thefts. The court reversed the conviction because of the extraneous evidence even though the trial court had instructed the jury to disregard it.

Since defendant was not connected with the incident at Lee's door, evidence thereof was irrelevant and should have been excluded. *State v. Lamb*, 468 S.W.2d 209[2] (Mo.1971). See also *State v. Mathis*, 375 S.W.2d 196 (Mo.1964), where defendant was charged with burglary of a showroom. Evidence was adduced of a similar breakin two blocks away on the same night. The court found each burglary was a separate, completed transaction and reversed the conviction.

Injection into a case of separate crimes from that charged has a "dangerous tendency and misleading probative force" causing the defendant to suffer unfair disadvantage at his trial, *State v. Lee*, 486 S.W.2d 412, 415[3, 4] (Mo.1972). So it is here.

We reverse the judgment and remand for a new trial.

KELLY and STEWART, JJ., concur.