STATE of Missouri, Respondent,

v.

Charles SANDERS, Appellant.

No. WD 31446.

Missouri Court of Appeals,
Western District.

Nov. 3, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 2, 1980.

Application to Transfer Denied
Jan. 13, 1981.

508

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., SWOFFORD, J., and HOUSER, Senior Judge.

PER CURIAM:

Defendant Charles Sanders was convicted upon a jury trial of second–degree burglary in the breaking and entering of the Clarke Floor Machine Company in Kansas City on August 3, 1978. Pursuant to the verdict, he was sentenced to six years' imprisonment.

Defendant's first complaint upon this appeal is that the court failed to declare a requested mistrial when a police officer, asked what defendant had said after he was arrested and after he had been informed of his rights, answered: "Yes, sir, he said he want to talk to us about some burglaries".[1]

Defendant says this showed other crimes of the defendant, and he cites us to many cases holding that proof of other crimes by the defendant (except in certain instances, not relevant here) is inadmissible. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (Mo. banc 1954); *State v. Lee*, 486 S.W.2d 412 (Mo.1972); *State v. Tillman*, 454 S.W.2d 923 (Mo.1970); *State v. Hancock*, 451 S.W.2d 6 (Mo.1970); *State v. Holbert*, 416 S.W.2d 129 (Mo.1967); *State v. Mathis*, 375 S.W.2d 196 (Mo.1964); *State v. Griffin*, 336 S.W.2d 364 (Mo.1960); *State v. Diamond*, 532 S.W.2d 873 (Mo.App.1976); *State v. Burr*, 542 S.W.2d 527 (Mo.App.1976); *State v. Cole*, 527 S.W.2d 646 (Mo.App. 1975); *State v. Strickland*, 530 S.W.2d 736 (Mo.App.1975).

This point is disallowed.

Later on in the evidence it became clear that defendant Sanders had in mind to discuss burglaries perpetrated by another person, a Mr. Baynham. In fact, a written statement given by the defendant is devoted chiefly to burglaries committed by Baynham, although in the course of the rather lengthy statement he confessed to his own guilt in the Clarke Floor Machine Company burglary of which he was convicted. The

---

1. Both state and defendant treat this answer as objectionable, and join issue upon its prejudicial effect and the suitability of the court's denial of a mistrial. We have dealt only with the questions discussed by the parties.

jury would presumably understand that defendant's answer to the officer that he wanted to talk to them about "some burglaries" referred to the Baynham burglaries in addition to the single burglary of his own commission. The prohibition against proof of other crimes applies only to other crimes committed by the defendant, not to those committed by some other person. *State v. Nickens*, 581 S.W.2d 99, 101 (Mo.App.1979); *State v. Jones*, 523 S.W.2d 152, 155 (Mo. App.1975).

■ Furthermore, while the court did refuse to declare a mistrial at defendant's request, he did promptly sustain the objection and offered to instruct the jury to disregard the witness's statement. The defendant declined the proffered relief, however, and stood upon his request for mistrial. In such a situation, this court defers to the trial court's decision whether the prejudicial effect of the witness's statement is such as to require the radical medicine of mistrial. The trial judge in this instance determined that a mistrial was not indicated, and we find no abuse of discretion in this decision. *State v. Harris*, 547 S.W.2d 473, 475 (Mo. banc 1977); *State v. Brown*, 463 S.W.2d 821, 823–4 (Mo.1971); *State v. Lira*, 372 S.W.2d 80, 82–83 (Mo.1963); *State v. Warden*, 591 S.W.2d 170, 172 (Mo.App. 1979).

Defendant, although he makes no separate point of it, claims that the following incident, by relation back, exacerbated the officer's testimony of the defendant's statement about "some burglaries": At the jury's request during their deliberations, and with the acquiescence of the attorneys for the state and for the defendant, the court sent in to the jury the defendant's written statement containing the confession.

■ Defendant first points out that the confession had not been received into evidence. It is true that it had not been formally offered and received into evidence as an exhibit. It had been marked as an exhibit, identified, and both the prosecutor and defense attorney treated it as if it had been received into evidence. They ques-

tioned witnesses about it, and discussed it in their jury arguments. It was "in evidence" for all purposes. *State v. Taylor*, 433 S.W.2d 273, 274–275 (Mo.1968); *State v. Wilson*, 248 S.W.2d 857, 859 (Mo.1952); *State v. Swenson*, 551 S.W.2d 917, 921 (Mo. App.1977).

■ Defendant says the prejudicial effect of the statement was heightened by the masking of a large portion of the three-page statement. The only part of the statement which refers to the Clarke Floor Machine Company burglary was the following:

Q. Can you describe what happened at the Clarke Floor Machine Company, 4327 Troost, on 8–2–78, L–62291?

A. (Here a space of about four linear inches is apparently taped over–ed.) I got a tool box and a tape player. I sold them to Alvin. I got $40.00 for the tool box and $5.00 for the tape player. Sam was over on 42nd and Paseo ripping off these vacant apartments for chairs and things. I got a case of beer out there also.

Appellant's position is thus stated in his brief: "The jury looking at all the blank spaces on appellant's confession could not help but to wonder what was covered up. After hearing the arresting officer testify that appellant said he wanted to talk to them about some burglaries the jury could not help but to conclude that what was covered up was the rest of those some burglaries."

Defendant's point is not that the unrelated portion of the statement should have been disclosed to the jury, but is apparently that it should have been retyped, omitting the unrelated portion. The court had directed this be done, and the prosecuting attorney had agreed to do it. This idea was evidently abandoned by consent, for it was not brought up again by anyone. The statement was used in its original form, with the masking. The defendant based a jury argument upon the fact the confession was only a small part of the total statement and subject to being overlooked by the de-

fendant when he signed it–an argument of which he would have been deprived had the statement been retyped as earlier discussed.

There is nothing in the evidence, however, to support the idea that the jury speculated upon the masked portion of the confession, or drew unwarranted conclusions from it. We are asked to speculate upon the jury's speculations, which we decline to do.

We believe the defendant's point is unfounded that the written statement so poisoned the officer's earlier testimony of the "some burglaries" statement as to call for a mistrial at the trial level, or reversal here.

We find no error and the judgment is affirmed.