STATE of Missouri,
Plaintiff-Respondent,

v.

Estaban SOLIZ, a/k/a Steve Soliz,
Defendant-Appellant.

No. 43291.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

Charles E. Bridges, St. Charles, for plaintiff-respondent.

James W. Drese, Chesterfield, for defendant-appellant.

REINHARD, Judge.

Defendant was convicted by a jury of the sale of a controlled substance, a felony under §§ 195.017, 195.020 and 195.200, subd. 1(4), RSMo 1978. He was sentenced in accordance with the jury verdict to a term of seventeen years with the Division of Corrections. We affirm.

On appeal, defendant claims that he was entrapped as a matter of law into committing the offense.

The state's evidence adduced at trial showed the following: On May 8, 1979, Kenneth Dye, an undercover officer of the Narcotics Division of the St. Louis County Police Department was introduced by defendant's neighbor to defendant at his apartment as a buyer of drugs. The officer had prearranged this introduction and had previously received information that the defendant had been selling drugs. The officer testified that the defendant told him that he wanted to get into the drug business a little heavier and was looking for new customers. The officer, identifying himself as "Chuck," purchased two ounces of marijuana from the defendant. On May 10, the officer purchased from the defendant two more ounces of marijuana and a half gram of crystal speed for $75. At the time of the sale, the defendant told the officer that he could obtain some LSD and asked him if he would be interested in purchasing the drug. The officer indicated

that he would be interested. On May 14, the officer purchased another two ounces of marijuana from the defendant, and on May 21, he purchased two ounces of marijuana and some LSD for $70.

The officer testified that the defendant had initiated all the drug sales by telephoning him, and had the drugs in his apartment at the time of sale. The officer further testified that the defendant was conversant in the street language of drugs, and was knowledgeable about their current prices. During his telephone conversations with the defendant, the defendant always appeared willing and ready to sell him drugs, never had to be "badgered" into a sale, and never refused to sell any of the drugs.

On May 21st, the defendant asked the officer if he knew anyone who would be interested in purchasing a large quantity of marijuana. He stated that he wanted to sell twenty to thirty pounds of the substance as soon as possible. His brother was making a big connection in Texas, and defendant could obtain any kind or quantity of marijuana that the officer would be interested in. The officer subsequently informed the defendant that he had a friend who had $8,000 to purchase the marijuana.

On May 25, a detective with the Narcotics Division of the St. Louis County Police Department, posing as the officer's friend, "Mike," contacted the defendant, and indicated that he had the money to purchase twenty pounds of marijuana. The two men met at the Show Center parking lot on St. Charles Rock Road in Breckenridge Hills. The defendant counted the detective's money which had been obtained from the Drug Enforcement Administration. He then stated that he did not have the marijuana with him but would have to go to his connection's house to pick it up. The detective followed him to the parking lot of Harvester Plaza in St. Charles County. At the direction of defendant, the detective waited in a delicatessen at the shopping center. The defendant then left in his own car to meet his connection. He returned in 35 minutes and told the detective that he had the marijuana. The defendant counted the detective's money one more time and told the detective that the marijuana was in a box in the back seat of his car. The detective examined the contents of the box and counted twenty pounds of marijuana packaged in clear plastic bags. He then handed the defendant a $10 bill. The defendant took the $10 and was immediately placed under arrest by the detective. At trial, the twenty pounds of marijuana were produced and identified as marijuana.

The defendant testified that at his first meeting with Officer Dye, the officer and defendant's neighbor had brought up the subject of purchasing drugs from him. At his second meeting with the officer, the officer told him he wanted to buy something quickly and had a lot of money. Toward the end of May, the officer told the defendant that he needed money very badly. The defendant responded by telling him that he did not know anyone who could provide marijuana, but the officer replied that both of them could make a lot of money. The defendant then agreed to make a drug transaction. Defendant denied that he had ever called the officer to sell him drugs.

However, defendant admitted that he had previously exchanged bags of marijuana with his neighbor, that his neighbor supplied him with marijuana to be sold, that he had traded or sold various drugs prior to the sale for which he was arrested, and that he smoked marijuana twice a month.

■ The state concedes that defendant's testimony concerning the officer's frequent conversations with him about the sale of drugs, coupled with the officer's promises of substantial money for the defendant if he would sell the drugs, constitutes evidence of entrapment. See *State v. Golightly*, 495 S.W.2d 746, 751 (Mo.App.1973). "In such a case, lack of entrapment becomes an additional element of the offense, and if the state fails to rebut the inference of unlawful inducement, the defendant is entitled to a judgment of acquittal. To rebut the inferences of unlawful inducement, the state had to present substantial evidence of predisposition of defendant to commit the

crime, that is, that the criminal intent originated with the defendant." *State v. Horton*, 607 S.W.2d 764, 766 (Mo.App.1980) (citations omitted.)

 Here, there was substantial evidence of defendant's predisposition to commit the crime which would rebut the inference of unlawful inducement. Defendant does not deny that when he sold drugs to the officer in his apartment, he already had the drugs in his possession. He admitted at trial that prior to his arrest, he had engaged in drug exchanges or sales, and had smoked marijuana on a regular basis. *See State v. Hyde*, 532 S.W.2d 212, 214–15 (Mo.App. 1975) and *State v. Horton, supra*, at 766. Although defendant's evidence was sufficient to require an instruction on entrapment, the evidence reveals that the court did not err in submitting the case to the jury.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.