STATE of Missouri, Respondent,

v.

Alan HANCE, Appellant.

No. 12565.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 24, 1983.

Motion for Rehearing and to Transfer to
Supreme Court Denied
Feb. 2, 1983.

Application to Transfer Denied
March 29, 1983.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

Loren R. Honecker, Springfield, for appellant.

CROW, Judge.

Appellant, having waived his right to trial by jury, Rule 27.01(b),[1] was found guilty by the court of sale of cocaine, a Schedule II controlled substance, §§ 195.017.4 and 195.020,[2] and sentenced to ten years imprisonment. § 195.200.1(4).

His sole point:

---

1. Rule references are to Missouri Rules of Criminal Procedure.

2. Statute references are to RSMo 1978.

"The trial court erred and abused its discretion in overruling appellant's motion for sanctions herein because the persistent violation of discovery rules by the State resulted in fundamental unfairness to appellant in that he was denied the opportunity fully to prepare for trial in this case."

In the argument portion of appellant's brief we learn his specific complaints are that the State failed to disclose (a) the whereabouts of witness Michael Duskin, who arranged the meeting between appellant and the undercover officer who bought the cocaine, (b) the "deal" between the prosecuting attorney and Duskin whereby a "second degree burglary charge" against Duskin would be dismissed in return for Duskin aiding authorities in making "drug buys" and testifying against the sellers, (c) Duskin's "prior convictions," and (d) a report by the undercover officer about a "marijuana"[3] purchase by the officer from appellant which antedated the cocaine sale.

Appellant admitted selling the cocaine, but testified he did so only because of repeated entreaties by Duskin. Entrapment[4], therefore, was the only issue for the trial court. Appellant does not dispute the sufficiency of the evidence to support the court's findings.

The State concedes appellant properly requested the information and the State failed to furnish it. The State argues, however, that appellant was not prejudiced.

Some six weeks before trial, appellant's counsel[5] learned Duskin was "out of pocket" and the State was uncertain of finding him. The State's efforts to locate Duskin through his "bailbondsman," his "girlfriend," and law enforcement officials eventually proved successful, and Duskin arrived by plane from Denver, Colorado, reaching the courthouse the day before trial. This was the first meeting between Duskin and the assistant prosecuting attorney who tried the case. At this meeting the assistant prosecutor learned of the "deal," which

he immediately confirmed with the prosecuting attorney. Appellant's counsel talked with Duskin by phone the same day and, like the assistant prosecutor, learned of the "deal."

Appellant's counsel had an opportunity to talk with Duskin the morning of trial, but declined. Appellant's counsel announced ready for trial, forgoing the court's offer of a recess with the comment, "I don't think it would serve any purpose, Your Honor." The only relief appellant's counsel requested was exclusion of Duskin's testimony. The request was denied.

When Duskin was called to testify, the assistant prosecutor handed appellant's counsel the prosecuting attorney's file card on Duskin showing a 1969 conviction for "grand stealing." Appellant's counsel accepted the card with the comment, "I don't need a recess."

Appellant's counsel cross-examined Duskin exhaustively about the "deal" and Duskin's convictions. In addition to the 1969 conviction, Duskin admitted a "burglary and grand stealing" conviction in Laclede County and a felony conviction in Taney County. Duskin admitted the "deal," and the assistant prosecutor stipulated its terms with appellant's counsel.

At the conclusion of Duskin's testimony the trial was recessed 36 days because the undercover officer had sustained injuries in an automobile accident and was unable to attend court.

When trial resumed, appellant's counsel announced "ready." The officer was the first witness. He brought his report about the marihuana sale, and appellant's counsel was given a copy. On cross-examination by appellant's counsel it developed that at the preliminary hearing (five months earlier) the officer, under questioning by appellant's counsel, had testified about that identical sale.

---

3. Marihuana, § 195.010(20).

4. § 562.066.

5. Appellant's counsel on appeal was not appellant's counsel at trial.

To rebut the defense of entrapment,[6] the State asked the officer about the marihuana sale. Appellant's counsel moved to exclude the testimony because the report had not been timely furnished. The motion was denied.

When the State breaches its duty to disclose, a trial court may impose sanctions including forced discovery, granting a continuance, exclusion of evidence, or any other order the court deems just. Rule 25.16; *State v. Royal,* 610 S.W.2d 946 at 951[11], (Mo. banc 1981). The matter lies within the sound discretion of the court, and it is an abuse of discretion to fail to impose a sanction only where admission of the evidence results in fundamental unfairness or prejudice to the substantial rights of the defendant. *State v. Royal, supra,* 610 S.W.2d at 951 [11, 12]; *State v. Davis,* 556 S.W.2d 45 at 47–48 [4, 5], (Mo. banc 1977).

Here, there was no unfairness or prejudice. According to Duskin, he was in Denver the three months immediately preceding trial. There was no hint as to how that information could have aided appellant. Moreover, the State did not know Duskin's whereabouts until shortly before trial. The assistant prosecutor notified appellant's counsel promptly upon Duskin's arrival.

The State's failure to disclose Duskin's "deal" was likewise harmless. The "deal" was fully aired to the court the first day of trial, as were Duskin's convictions. Appellant had five weeks thereafter to pursue those matters, but added nothing when trial resumed.

It is equally clear that appellant was not prejudiced by tardy receipt of the marihuana sale report. Appellant's counsel knew of that sale as early as the preliminary hearing, five months before the officer testified at trial. There was no suggestion that the report contained anything counsel didn't already know.

6. Entrapment is characterized a "special negative defense." MAI–CR 2d 3.28, Notes on Use 5. The defendant has the burden of injecting the issue. § 562.066.4. Upon injection, lack of entrapment becomes an additional element of the offense. The State must present substan-

Appellant's point is denied.

Judgment affirmed.

GREENE, C.J., FLANIGAN, P.J., and TITUS, J., concur.

tial evidence of defendant's predisposition to commit the crime in order to rebut the inference of unlawful inducement and show that the criminal intent originated with defendant. *State v. Horton,* 607 S.W.2d 764 at 766 [1, 2], (Mo.App.1980).