**STATE of Missouri,
Plaintiff-Respondent,**

v.

**John W. ROBINSON,
Defendant-Appellant.**

**No. 46286.**

Missouri Court of Appeals,
Eastern District,
Northern Division.

Oct. 25, 1983.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Nov. 30, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Thomas J. Marshall, Public Defender, Moberly, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Sandra K. Stratton, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

DOWD, Chief Judge.

Defendant was convicted of two counts of possession of a controlled substance and one count of sale of a controlled substance in violation of § 195.240 RSMo 1978, and

was sentenced to three concurrent five-year terms. The judgment is affirmed.

The evidence is as follows: Donald Barron testified he contacted the Randolph County Sheriff's office to formulate a plan whereby Barron would attempt to buy drugs from the defendant. Barron stated he wanted revenge because he believed defendant was responsible for his separation from his wife, Cynthia, and that Cynthia was now living with the defendant. Barron also testified he had previously purchased drugs from the defendant. Before Barron's arranged meeting with the defendant, both he and his girlfriend, Janice, were searched. Barron was given one twenty dollar bill and two ten dollar bills, all of which were marked. After Barron and Janice pulled into defendant's driveway, defendant came out of the house and they both got into defendant's car. Janice remained in Barron's car and did not witness the transaction. Defendant offered to sell Barron some valium, which he removed from his locked glove compartment. Barron gave the defendant one of the marked ten dollar bills. When Barron got out of the car, the sheriff's officers arrested the defendant and took the car under their control. The state's witnesses, also included the officers involved in the arrest who identified the pills as those found in both defendant's car and turned in by Barron, and a forensic chemist who identified the pills as diazepam and phentermine.

A search of the defendant revealed a bottle of pills identified later as diazepam, commonly known as valium. A search of defendant's car yielded a bottle of pills later identified as phentermine, along with six empty prescription bottles. Barron turned over the marked ten dollar bill and twenty-one tablets also later identified as valium. Defendant testified the pills had been left in his car by his mother, Eartha, and his friend, Denise Oliver, and that he had intended to return them. He also testified he gave Barron the valium because Barron begged for them in order to relieve a headache, and that the ten dollars was in partial payment for a debt. Defendant waived a jury trial and the court found him guilty on all three counts. Defendant appeals on four grounds.

■ We note Rule 27.01 V.A.M.R. states that in cases where a defendant waives a trial by jury and the case is submitted to the court, the court's findings shall have the force and effect of a jury verdict. Accordingly, judge tried cases are subject to the standard applied in jury trials where the state's evidence is accepted as true, together with all reasonable inferences drawn therefrom and all evidence and inferences to the contrary are disregarded. *State v. Ludwig,* 609 S.W.2d 417, 418 (Mo.1980).

Defendant first contends the trial court erred in overruling his motion for entrapment because the evidence was insufficient to show that defendant was predisposed to sell or possess the controlled substance, diazepam. We disagree.

The defense of entrapment is codified in § 562.066 RSMo 1978, which provides:

"An 'entrapment' is perpetrated if a law enforcement officer or a person acting in cooperation with such an officer, for the purpose of obtaining evidence of the commission of an offense, solicits, encourages or otherwise induces another person to engage in conduct when he was not ready and willing to engage in such conduct."

■ This statute requires proof of both an inducement to engage in unlawful conduct and an absence of willingness to engage in such conduct. There was no proof that defendant was unwilling to possess the substance or make the sale. Defendant's prior conviction for possession of marijuana is evidence of his predisposition to possess and sell the valium as is the fact that defendant had previously sold drugs to Barron and his girlfriend, Janice. Where a defendant is predisposed to commit an offense, the defense of entrapment is not available to him. *State v. Hohensee,* 650 S.W.2d 268 (Mo.App.1982); *State v. Hance,* 646 S.W.2d 894 (Mo.App.1983).

Furthermore, there is no evidence of any unlawful inducement to either possess or

sell the controlled substance. Defendant himself testified there were six empty prescription drug bottles in the glove compartment of his car on the day he was arrested for the crime charged. He also stated the valium pills were in his car. There was no evidence that Barron or any law enforcement officer induced him to possess or sell the valium. The aforementioned evidence clearly established the defendant's predisposition to commit the offenses of possession and sale of a controlled substance. Defendant's first point is denied.

In his second point, defendant contends there was no substantial evidence to support his conviction for possession of phentermine where he did not have the intent to possess and control said substance for an unlawful purpose. Defendant argues he was actually a bailee for Denise Oliver, that he was entitled to the exemption for prescribed and controlled substances provided in § 195.240(7), and that he intended to return the pills to her.

■ Defendant's arguments have no merit for several reasons. First, possession for an unlawful purpose is not an element of the offense as defined in § 195.240 RSMo 1978. Secondly, § 195.240(7) only provides an exemption from criminal liability to those for whom the substance in question has been medically prescribed. There is no such exemption for bailees or agents. Finally, in order to sustain a conviction for possession of a controlled substance, all the state must prove is that the defendant knowingly and intentionally possessed the substance and that the defendant was aware of the presence and nature of the substance in question. *State v. Barber,* 635 S.W.2d 342, 343 (Mo.1982). Both possession and knowledge may be proved by circumstantial evidence. *State v. McCurry,* 587 S.W.2d 337, 341 (Mo.App.1979). Again, the phentermine was found in defendant's car and defendant admitted he knew of its existence. In fact, the evidence reveals the pills had been in defendant's car for approximately two weeks. While defendant argues he was merely a bailee for Denise Oliver, the court was entitled to weigh the

evidence and to disbelieve defendant's claims, especially in light of defendant's similar explanation for his possession of the valium. The evidence adduced at trial and inferences drawn therefrom are sufficient to establish that he knowingly and intentionally possessed the phentermine for his own purposes. Point denied.

■ Defendant's third point charges error in the trial court's overruling defense counsel's motion to withdraw. The ultimate determination of whether defense counsel should be permitted to withdraw rests within the sound discretion of the trial court. *State v. Kennell,* 605 S.W.2d 819 (Mo.App.1980); *State v. Hollins,* 512 S.W.2d 835, 838 (Mo.App.1974).

Defendant asked his court-appointed attorney to withdraw and requested that the court appoint another attorney. In support of this, defendant testified he was dissatisfied with several aspects of his defense. Specifically, defendant claims (1) he had no trial date after four months, (2) his attorney had failed to file a motion for "a 180-day writ of a fast and speedy trial," (3) the prosecutor and his attorney were working together since it had taken so long to get to court, (4) his attorney had failed to inform defendant of the circumstances surrounding his case, (5) his attorney had failed to file a motion of entrapment after the preliminary hearing and (6) he had no notice that the witnesses in his case had been informed of the details surrounding the case.

■ We find there was no abuse of discretion in overruling defense counsel's motion to withdraw. The record before us reflects no dereliction of duty or incompetence on the part of defendant's attorney. On the contrary, it appears counsel performed competently and diligently. This case was tried four months from the date of the offense and well within the 180 day limit provided for by statute. Defendant's claims that the prosecutor and his attorney were working together and that the witnesses were never informed of his case are both unsupported by any facts in the record. Finally, counsel called five witnesses in his client's defense and did raise the

defense of entrapment at trial. We can hardly say defendant was prejudiced.

■ Defendant may have a right to effective assistance of counsel but he is not entitled to discharge counsel for insubstantial cause, and defendant here has failed to establish any irreconcilable conflict that would require the court to discharge counsel and appoint another attorney. *State v. Denny,* 619 S.W.2d 931, 933 (Mo.App.1981); *State v. Armstrong,* 624 S.W.2d 36, 38 (Mo. App.1981).

In his final point, defendant claims there was insufficient evidence to sustain the conviction for both the sale and possession of valium (diazepam) in that the exhibits were not formally admitted into evidence. We disagree.

Defendant moved to suppress the pills on the ground that they were procured as the result of illegal police action. The trial court reserved its ruling on this issue. At trial, on the same ground, defendant again objected to the pills marked Exhibits 1 and 2 when the state attempted to introduce them. The court, again, reserved its ruling. The motion to suppress was later overruled at the close of the case. Clearly, the admissibility of the pills was made contingent upon the court's ruling on the motion to suppress.

■ Moreover, the pills were marked as exhibits and offered into evidence. There is no question said exhibits were examined and discussed before the trial court. Several witnesses identified the pills as those found in defendant's car and turned in by Barron. As such, these exhibits were "in evidence" for all purposes and properly before the court. *State v. Swenson,* 551 S.W.2d 917, 921 (Mo.App.1977); *State v. Sanders,* 608 S.W.2d 507, 509 (Mo.App. 1980); *State v. Taylor,* 433 S.W.2d 273, 274 (Mo.1968). Defendant's point is without merit.

Judgment affirmed.

CRIST and REINHARD, JJ., and IVAN LEE HOLT, Special Judge, concur.