STATE of Missouri, Respondent,

v.

Kelvin WAYNE, Appellant.

No. 50005.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 25, 1986.

Fabbri & Zotos, Frank R. Fabbri, III, St. Louis, for appellant.

William L. Webster, Duane E. Butler, Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction, by a jury, of manslaughter, for which he was sentenced to eight years' imprisonment. The sufficiency of the evidence is not challenged; defendant, a deputy sheriff, did not dispute he shot and killed his wife in the street in front of her family's home. We affirm.

Defendant asserts the trial court abused its discretion in ordering him to submit to a mental examination by a doctor chosen by the state. The examination was ordered following defendant's disclosure of his intention "to call two (2) psychiatric witnesses to testify concerning the defendant's ability to form the necessary requisite criminal intent at the time of the alleged act as charged," apparently an attempt to invoke a defense of diminished mental capacity. See Sec. 552.015.2(8) RSMo (Supp. 1985) (formerly Sec. 552.030.3(1) RSMo (Supp.1984)). No such evidence was presented at trial. Defendant, citing *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed 2d 359 (1981), claims this examination violated his Fifth Amendment rights and forced him to forgo the use of his witnesses to testify to his mental state.

When defendant so notified the state of his intentions, he put the state on notice his mental condition was likely to be at issue. If trial so proceeded, the state would be put to the burden of proving "defendant did not suffer from a mental disease or defect affecting his state of mind." *State ex rel. Westfall v. Crandall,* 610 S.W.2d 45, 47 (Mo.App.1980). Therefore, the state was entitled to have defendant's mental abilities examined, so as to allow them to carry the burden on this issue, which was raised by defendant. *Id.; State v. Dixon,* 655 S.W.2d 547, 560–61 (Mo.App.1983). Defendant's reliance upon *Estelle v. Smith, supra* is misplaced; the Supreme Court clearly distinguished the case when a defendant indicated he would put his mental condition in issue. *Estelle,* 451 U.S. at 455–56 and n. 10, 101 S.Ct. at 1874. The court did not abuse its discretion in ordering the examination.

Defendant's other Point Relied On asserts instructional error. The instruction asserted to be erroneous was not set out in full in the argument portion of the brief, in violation of Rule 30.06(e). Therefore, the point was not preserved for review. *State v. Neal,* 685 S.W.2d 271, 275–76 (Mo.App.1985). However, we have reviewed the record and find no prejudicial error in the inclusion of the phrase "If the defendant was not the initial aggressor in the encounter with Joyce Wayne, ..." in the self-defense instruction. See MAI–CR 2d 2.41.1, notes on use 5.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.