**STATE of Missouri, Respondent,**

v.

**George M. EIB, Appellant.**

**No. WD 36702.**

Missouri Court of Appeals, Western District.

July 15, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 1986.

Application to Transfer Denied Oct. 14, 1986.

David C. McConnell, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, P.J., and BERREY and GAITAN, JJ.

GAITAN, Judge.

The defendant-appellant, George M. Eib, was convicted on two counts of the sale of cocaine, a Schedule II controlled substance, in violation of § 195.020, RSMo 1978 punishable under § 195.200.1(4) RSMo 1978. He appeals those convictions alleging the trial court erred: (1) by finding the appellant to be a prior offender when he had successfully completed a suspended imposition of sentence; (2) by not holding that charging appellant as a prior offender was a retrospective application of law and denied him due process and equal protection of the law; (3) by denying an entrapment defense; and (4) by denying an instruction on the state's failure to call the informant as a witness. The judgment of the trial court is affirmed.

The essential facts surrounding the events leading to the arrest and conviction of the appellant are not disputed. The appellant sold cocaine on two separate occasions, December 1, 1983 and December 6, 1983, to Detective Daniel Mulloy of the Drug Enforcement Unit of the Kansas City Missouri Police Department. These transactions were negotiated by a police informant, Laurie Jones. Appellant believed Detective Mulloy to be the informant's boyfriend. Detective Mulloy testified that he had never met appellant before the night of December 1. Detective Mulloy was present at the buy as a result of a pre-arranged set-up by the informant. Further, Detective Mulloy testified that the discussion for the purchase of the cocaine was between the informant and appellant. Mulloy testified that on the night of December 1, the informant made a series of telephone calls to appellant. Subsequent to those calls and some five hours later, the appellant showed up at the apartment where Mulloy and the informant had been waiting. He apologized for being late, threw a plastic bag containing a white powdery substance on the couch and accepted $115. Before he left, he stated he would be happy to do business any time.

Mulloy further testified that the second transaction occurred on December 6 and was set up entirely by the informant. He assumed it was set up in accordance with his instructions. The arrangement was for the purchase of ⅛ ounce of cocaine for $300. Detective Mulloy and the informant met appellant who was accompanied by a blonde female at a shopping center. Appellant handed Mulloy the cocaine which was contained in clear plastic bags. He received the agreed upon $300 and stated, "I believe you'll like this better than the last batch. It's better."

At trial the informant did not testify. Mulloy testified that the informant was a friend of the appellant and had purchased cocaine from him at different times. He said the informant had identified appellant as one of ten or fifteen persons she knew was actively selling narcotics. Mulloy testified that the informant stated she had known the appellant for five years and that he was dealing in drugs the entire time. She stated that appellant always had cocaine. This testimony was consistent with the appellant's statement that he and the informant had been friends and used drugs together for approximately five years. Appellant claims that the informant was the supplier of those drugs.

A week following the second transaction, the Grandview police executed a search warrant at appellant's residence. As a result of the search, the police uncovered what was believed to be one gram of cocaine, some stolen property, and marijuana and cocaine paraphernalia.

Appellant's first two points address the same issue and therefore will be considered together. Appellant plead guilty on August 10, 1978 in Missouri to sale of a controlled substance. He received a suspended imposition of sentence and was placed

on probation which he successfully completed. That plea of guilty was the basis for the state's amending its indictment by information to charge appellant as a prior offender. The basis for the state's action was an amendment in 1980 to § 558.016 RSMo Supp. which permitted a plea of guilty to be used to establish a defendant as a "prior offender." Section 558.016 states that "A 'prior offender' is one who has pleaded guilty to or has been found guilty of one felony." If a defendant is found to be a prior offender, the court may sentence him after a jury finds him guilty.

Appellant asserts that the 1980 amendment breached a contract between the appellant and the state relative to his 1978 plea agreement and therefore it was impermissible and error. He asserts that there was an agreement between the state and appellant prior to the 1978 plea which stated his successful completion of probation would make appellant pure in the eyes of the law. He further states the 1980 amendment is a retrospective application of the law and a denial of due process and equal protection under the law.

■ This argument may be rejected because it was never raised at trial or in appellant's motion for new trial. There is simply no evidence in the record to support the appellant's assertion. At best the appellant argues his own understanding of the effect of that plea.[1] Appellant argues that the principles set forth in *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), apply here. In *Santobello* there was clearly a negotiated basis for the defendant's plea of guilty and it was preserved for review. *Id.* at 258–59, 92 S.Ct. at 496–97. In the case at bar, appellant does not have the record at trial to support that application.

It is well settled that a party cannot broaden or alter on appeal the scope of his trial objection. *State v. Light*, 686 S.W.2d

538, 542 (Mo.App.1985); *State v. Franks*, 685 S.W.2d 845, 848 (Mo.App.1984).

The appellant has the burden of filing a record on appeal which incorporates the basis for the challenged error, and if he fails to do so, there is nothing for an appellate court to review. *State v. Jones*, 594 S.W.2d 932, 935 (Mo.1980). The appellant in this instance did not offer or introduce at trial a record of the 1978 plea proceeding and he introduced no evidence at trial indicating the terms of the plea bargain. In fact, he introduced no evidence that appellant's guilty plea in 1978 was entered in reliance on a plea agreement.

Since the assertions the appellant makes under this issue lack any support in the record, they simply may not be considered on this appeal. *State v. Shives*, 601 S.W.2d 22, 30[13] (Mo.App.1980); *State v. Burrington*, 371 S.W.2d 319, 320–31 (Mo.1963).

■ Next, appellant asserts the trial court's action amounted to an ex post facto application of § 558.016. An *ex post facto* law is "one which renders an act punishable in a manner in which it was not punishable when it was committed." *Fletcher v. Peck*, 10 U.S. (6 Cranch) 87, 137, 3 L.Ed. 162 (1810); U.S. Const. Art. I, § 10.

This issue was recently considered by this court in *State v. Blaylock*, 705 S.W.2d 30 (Mo.App.1985). In October, 1977, Blaylock was charged in Florida with the felony offense of burglary. Blaylock entered a plea of guilty to the charge but the Florida court, under law peculiar to Florida, withheld adjudication of guilt and imposition of sentence. The court placed Blaylock on probation for a three-year period and in July, 1979, he was discharged from that probation.

Blaylock asserted that the application of § 558.016.2, was *ex post facto* because the statute was not in effect until after the

---

1. The Missouri Supreme Court stated in *State v. Acton*, 665 S.W.2d 618, 620 (Mo. banc 1984), "A court's duty in accepting a guilty plea is to determine whether the plea is voluntarily and freely made. *See* Rule 24.02. But a court is not required to explain every technical element of

an offense to a defendant who pleads guilty. *McMahon v. State*, 569 S.W.2d 753, 758 (Mo. banc 1978). Nor as a consequence need a court inform a defendant that the legislature may amend the law at some future date."

Florida offense and after he had finished the probationary period resulting therefrom. After finding Blaylock was a prior offender, the court merely took the issue of punishment from the jury.

"No where does Missouri's prior offender statute require a prior *conviction* as a prerequisite for the statute's application. It defines prior offender as one who has pleaded guilty to or has been found guilty of one felony. ... Missouri law requires nothing more. The essential showing was the plea of guilty, whether or not followed by a judgment of conviction." *State v. LaPlant,* 673 S.W.2d 782, 785 (Mo. banc 1984).

*State v. Blaylock,* 705 S.W.2d at 34. Consequently, appellant must fail on these arguments.

■ Next we turn to appellant's assertion of entrapment. Appellant states that he was wrongfully denied an entrapment instruction. To show entrapment, Defendant must show both unlawful governmental inducement to engage in unlawful conduct and his lack of predisposition. *State v. Willis,* 662 S.W.2d 252, 255 (Mo. banc 1983), *State v. Jenkins,* 674 S.W.2d 93, 95 (Mo.App.1984), *State v. Stout,* 675 S.W.2d 931, 937 (Mo.App.1984). Where the defendant is predisposed to commit the offense, the defense of entrapment is not available to him. *State v. Robinson,* 664 S.W.2d 543, 545 (Mo.App.1983).

■ The issue of whether the specific government conduct involved was "outrageous" such that due process would bar the government from invoking judicial processes to obtain a conviction is one of law for the court and is not one of fact for the jury. *State v. Hohensee,* 650 S.W.2d 268, 272 (Mo.App.1982).

With the aforementioned principles of law in mind, we now examine the record to determine the evidence appellant presented at trial to support entrapment. Appellant alleges that the informant called him up and asked him to conduct a drug transaction. He stated that they had known each other and used drugs together for some five years. He claimed she was *his* main

supplier. Appellant alleges the informant gave him the drugs to hold for her in anticipation of later sale to her boyfriend. He claims she later called him down to make the sale because she did not want her boyfriend to know the drugs belonged to her. Appellant does not dispute Mulloy's description of that first transaction on December 1, except to say he did it as a favor to the informant. He testified the five hour delay in arriving at the informant's apartment was due to his reluctance to participate in the drug deal.

Regarding the contact on December 6, 1983, appellant asserts the informant called and asked him to bring three and one-half grams of cocaine to a certain shopping center. He gave the cocaine to one of them (Mulloy or the informant), they gave him the money and he left. This portrayal of the facts is not substantially different from that of Mulloy. Finally in support of his innocence, appellant asserts that he attempted to contact the informant later to see how she was and to inquire about giving her the money from the sale.

■ Appellant's explanation of his reluctance to participate in these drug transactions is not supported by the evidence. The real reason for appellant's late arrival was as he testified, that he was concerned about messing up the deal and was afraid the boyfriend's rough friends might be there. He was concerned for his well-being, but he was also interested in the drug sale. Appellant also stated that $115 was an average price for such a transaction indicating an inside knowledge of drug dealing. The evidence shows a willing participant in the December 6 transaction. In fact, appellant stated to Detective Mulloy that the drugs sold in the second transaction were even better than those sold in the first. Appellant's explanation for his participation in the two drug deals described above fails to meet the burden necessary to show entitlement to an entrapment instruction. It is clear that the appellant was a user of drugs and there was testimony to support the fact that he was a drug dealer. He seemed concerned about the quality of

the drugs he sold when he stated, "This batch is better than the last." Appellant's actual participation in the drug sale as well as his familiarity with such transactions is strong evidence of lack of unlawful inducement.

Here, as in *State v. Jenkins*, 674 S.W.2d at 95, cited earlier, the appellant must show both an inducement to engage in unlawful conduct as well as an absence of willingness to engage in such conduct. Assuming the evidence showed an inducement, as appellant argues, it clearly does not show an unwillingness to commit the crime with which he was charged.

The appellant's own admissions concerning his prior possession and use of the cocaine was evidence of his predisposition to sell the drug. *See State v. Coffman*, 647 S.W.2d 849, 852 (Mo.App.1983).

■ A defendant's "unlawful involvement with a controlled substance" can be given consideration when evaluating his predisposition to commit other narcotics offenses. *State v. Wilson*, 615 S.W.2d, 571–73. More specifically, it has been held that a defendant's prior *use* of other illegal drugs constitutes substantial evidence of predisposition in cases involving the *sale* of narcotics. *State v. Soliz*, 620 S.W.2d 61, 63 (Mo.App.1981); *State v. Horton*, 607 S.W.2d 764, 766 (Mo.App.1980); *State v. Hyde*, 532 S.W.2d at 214–16 (Mo.App.1976).

Detective Mulloy's uncontradicted testimony concerning the appellant's five-year history as a purveyor of cocaine, as well as the appellant's admissions at trial concerning his frequent use of cocaine, affirmatively demonstrated the existence of the appellant's predisposition to commit the crimes with which he was charged. Accordingly, it is clear that the issue of unlawful entrapment simply was not injected into the case.

As previously stated, the question of entitlement to the defense of entrapment is one of law. It is clear from the evidence that the trial court did not abuse its discretion.

*State v. Soliz*, 620 S.W.2d 61 (Mo.App. 1981), is not applicable in the case at bar because appellant failed to provide sufficient evidence to inject unlawful entrapment into the case. The same applies to *State v. Devine*, 554 S.W.2d 442 (Mo.App. 1977), and the other cases cited by the appellant wherein the defendant had met its burden of injecting the issue of wrongful entrapment into the case. Appellant must fail on this point.

Finally, appellant argues that he was entitled to a jury instruction which would have stated to the jury that an adverse inference should be drawn from the state's failure to call the informant as a witness. It is not clear what instruction the appellant is now suggesting should or could have been given by the trial court; there is no MAI–CR2d instruction on this subject. However, regardless of what instruction the appellant contends should have been submitted to the jury, it is clear that no instruction on this subject was authorized.

The appellant was not entitled to a jury instruction articulating this principle. He has not set out in the argument portion of his brief, contrary to Rule 30.06(e), the instruction he asserts he was entitled to— an omission which, standing alone, justifies the rejection of the argument he advanced in his brief. *State v. Wayne*, 706 S.W.2d 298, 299 (Mo.App.1986); *State v. Williams*, 674 S.W.2d 46, 48 (Mo.App.1984).

■ If the appellant had established at trial that Ms. Jones was unavailable to the appellant but available to the state, he would have been entitled to suggest to the jury in closing argument that an adverse inference could be drawn from the state's failure to call her as a witness. *See State v. Davis*, 686 S.W.2d 503, 506–507 (Mo.App. 1985).

■ It is well settled that while such an adverse inference may be a subject for argument, where justified by the evidence, it is not a proper matter for an instruction. An instruction authorizing the jury to draw such an adverse inference in a particular case would be a comment on the evidence,

*State v. Parker,* 543 S.W.2d 236, 245 (Mo. App.1976), and is therefore prohibited. *State v. Dees,* 631 S.W.2d 912, 916 (Mo. App.1980); *State v. Brooks,* 567 S.W.2d 348, 351 (Mo.App.1978).

Consequently, the appellant must fail on this point.

For the aforesaid reasons, the judgment of the trial court is affirmed.